UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN ARTHUR PULIDO,<br><br>  Plaintiff,<br><br>  v.<br><br>MARTIN O'MALLEY[1], Commissioner of Social Security,<br><br>  Defendant. | Case No.  1:23-cv-00522-EPG<br><br>STIPULATION FOR THE AWARD AND PAYMENT OF ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT<br><br>(ECF No. 22) |

IT IS HEREBY STIPULATED by and between the parties, through their undersigned attorneys, subject to the approval of the Court, that Kevin Arthur Pulido ("Plaintiff") be awarded attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (d), in the amount of eight thousand one hundred and eighty-two dollars and fifty-four cents ($8,182.54). This represents compensation for legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. § 2412 (d).

After the Court issues an Order for EAJA fees to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees to Plaintiff's attorney. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 598 (2010), the ability to honor the assignment will depend on whether the attorney fees are subject to any offset allowed under the United States Department of the Treasury's Offset Program. After the Order for EAJA fees is entered, the government will determine whether they are subject to any offset.

---

[1] Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure and 42 U.S.C. § 405(g), Martin O'Malley is hereby substituted as the named defendant in the above-captioned action.

Fees shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt subject to offset, then the government shall cause the payment of fees approved to be made payable to Melissa Newel or Newel Law (collectively "Plaintiff's counsel"), pursuant to the assignment executed by Plaintiff. Any and all payments made shall be delivered to Plaintiff's counsel by electronic transfer.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees and does not constitute an admission of liability on the part of Defendant under EAJA. Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or Plaintiff's counsel may have relating to EAJA attorney fees and expenses in connection with this action.

This award is without prejudice to the rights of Plaintiff's counsel to seek Social Security Act attorney fees under 42 U.S.C. § 406 (b), subject to the provisions of the EAJA.

Respectfully submitted,

Dated: September 16, 2024          NEWEL LAW

                                   By:   *Melissa Newel*
                                         Melissa Newel
                                         Attorney for Plaintiff

Dated: September 16, 2024          PHILLIP A. TALBERT
                                   United States Attorney
                                   MATHEW W. PILE
                                   Associate General Counsel
                                   Office of Program Litigation, Office 7
                                   Social Security Administration

                                   By:   Oscar Gonzalez de Llano*
                                         OSCAR GONZALEZ DE LLANO
                                         (*Authorized by email dated 09/12/2024
                                         Special Assistant U.S. Attorney
                                         Attorneys for Defendant

//

//

-2-

**ORDER**

IT IS HEREBY ORDERED that, pursuant to 28 U.S.C. § 2412, fees in the amount of eight thousand one hundred and eighty-two dollars and fifty-four cents ($8,182.54) be awarded subject to the terms of the Stipulation.

IT IS SO ORDERED.

Dated:   **September 18, 2024**            /s/ Erica P. Grosjean
                                                                    UNITED STATES MAGISTRATE JUDGE